IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**LAMONT ROSS,**

    PLAINTIFF,

V.                                                                    CIVIL ACTION NO.

**STEEL STRUCTURAL
PRODUCTS LLC.,**

    DEFENDANT.                                              JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq.* This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq.* (Title VII) and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against race discrimination.

2. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

1

discriminatory act (Exhibit A).   Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II.   PARTIES

3.   Plaintiff, LAMONT ROSS, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Rogersville, Lauderdale County, Alabama. Plaintiff was formerly employed by Defendant.

4.   Defendant, STEEL STRUCTURAL PRODUCTS LLC. (hereinafter "Defendant"), is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII.   Defendant employs at least fifteen (15) persons.

## III.   STATEMENT OF THE FACTS

5.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.   Defendant hired Plaintiff on or about May 31, 2016.

7.   Defendant employed Plaintiff at its operations building located on 116 Finley Avenue in Birmingham, Alabama.

8.   Defendant employed Plaintiff as a machine operator on the second shift.

9.   At all times while employed with Defendant, Plaintiff performed his job duties in a competent or better manner.

10. Defendant terminated Plaintiff on September 23, 2016.

## IV. COUNT ONE – Title VII – Race – Reduction-in-Force.

11. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 10 above.

12. Plaintiff is a man of African descent (colloquially known as "black").

13. On September 23, 2016, Plaintiff's supervisor, Jason Means (white), told Plaintiff that he was having to "let you go" for "lack of work."

14. Defendant's stated reason for Plaintiff's termination of employment was false, as Means assigned Plaintiff's job duties to two co-workers of European descent (colloquially known as "white").

15. Defendant had employed these two white men for a shorter period of time than Plaintiff, and the two men were friends of Means that had been laid off at U.S. Steel.

16. Means previously hired the two white co-workers to break down pallets of steel for orders.

17. While Plaintiff was, and is, an experienced machine operator, the two white individuals that Means retained, Tommy Bussey and Johnny Bussey, required additional training in order to perform the job duties of machine operator that Plaintiff had already been performing at a competent or better level.

18. At the time Means told Plaintiff that he was being laid off for lack of

3

work, Plaintiff told Means that he was willing to work a lower paying job in order to retain his employment.

19. Means refused to offer Plaintiff another position.

20. After Defendant subjected Plaintiff to the discriminatory reduction-in-force, upon information and belief, Means transferred Shawn Sides (a white employee), who was less qualified than Plaintiff, to perform a job that Plaintiff was qualified to perform and without giving Plaintiff the opportunity to be recalled to work.

21. In violation of Title VII, Defendant terminated Plaintiff's employment for the stated reason of a reduction-in-force, but did not terminate the employment of two white employees with less seniority and who failed to possess the same necessary skill set as held by the Plaintiff.

22. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

V. COUNT TWO – Race – 42 U.S.C. § 1981

23. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 22 above.

24. Plaintiff is a man of African descent (colloquially known as "black").

25. On September 23, 2016, Plaintiff's supervisor, Jason Means (white), told Plaintiff that he was having to "let you go" for "lack of work."

4

26. Defendant's stated reason for Plaintiff's termination of employment was false, as Means assigned Plaintiff's job duties to two co-workers of European descent (colloquially known as "white").

27. Defendant had employed these two white men for a shorter period of time than Plaintiff, and the two men were friends of Means that had been laid off at U.S. Steel.

28. Means previously hired the two white co-workers to break down pallets of steel for orders.

29. While Plaintiff was, and is, an experienced machine operator, the two white individuals that Means retained, Tommy Bussey and Johnny Bussey required additional training in order to perform the job duties of machine operator that Plaintiff had already been performing at a competent or better level.

30. At the time Means told Plaintiff that he was being laid off for lack of work, Plaintiff told Means that he was willing to work a lower paying job in order to retain his employment.

31. Means refused to offer Plaintiff another position.

32. After Defendant subjected Plaintiff to the discriminatory reduction-in-force, upon information and belief, Means transferred Shawn Sides (a white employee), who was less qualified than Plaintiff, to perform a job that Plaintiff was qualified to perform and without giving Plaintiff the opportunity to be recalled to

work.

33. In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff's employment for the stated reason of a reduction-in-force, but did not terminate the employment of three white employees with less seniority and not possessing the same necessary skill set as held by the Plaintiff.

34. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by Title VII, and 42 U.S.C. § 1981.

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII and 42 U.S.C. § 1981.

C. Enter an Order requiring Defendant to make Plaintiff whole by awarding him front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESS:
STEEL STRUCTURAL PRODUCTS LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104